I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-23-13

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRAMMER, <br><br> Petitioner, <br> vs. <br><br> AMY MILLER, Warden, <br><br> Respondent. | Case No. CV 13-7368-MWF (RNB) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

On October 4, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to challenge a conviction sustained in Los Angeles County Superior Court on November 9, 2013, for which petitioner was sentenced to an indeterminate term of 25 years to life on February 27, 2013.

As best the Court can glean from the Petition, petitioner is claiming that (1) his constitutional right to a speedy trial was violated, (2) his right to due process was violated by the actions of the prosecutor and the judge at the hearing on petitioner's suppression motion, (3) a prior "strike" conviction was null and void, (4) the trial court violated petitioner's right to a fair trial when it refused to honor a challenge made pursuant to Cal. Code Civ. Proc. § 170.6, (5) the prosecutor engaged in misconduct by destroying and/or withholding exculpatory evidence and knowingly

presenting the detectives' false testimony, and (6) the trial court committed numerous errors that violated petitioner's rights to due process and a fair trial, and to present a defense.

It appears from the Petition that at least some of these claims may have been raised in pre-judgment applications for relief that petitioner filed in the California Court of Appeal and California Supreme Court, each of which was denied. However, according to the Petition, petitioner's direct appeal still is pending and no opening brief has been filed to date.

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues), cert. denied, 516 U.S. 806 (1995). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972); see also Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

Younger abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992), cert. denied, 506 U.S. 1054 (1993); Partington v. Gedan, 880 F.2d 116, 121 (9th Cir. 1989), cert. denied, 497 U.S. 1038 (1990).

Here, the Court finds that all three criteria for <u>Younger</u> abstention are met by petitioner's pending direct appeal. Moreover, the Court has concluded that dismissal of the Petition also is warranted under the Ninth Circuit's holding and reasoning in <u>Sherwood v. Tompkins</u>, 716 F.2d 632 (9th Cir. 1983). In <u>Sherwood</u>, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> "[E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> "As we explained in <u>Davidson v. Klinger</u>, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." <u>Id.</u> at 634 (footnote and remaining citations omitted).

It therefore appears to the Court that the exhaustion requirement has not been satisfied here. See <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition

by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); Murphy v. Wilson, 409 F.2d 840 (9th Cir. 1969) (holding that the exhaustion requirement would not be satisfied until the state appeal proceedings were completed and a final state judgment had been entered); see also Deere v. Superior Court, 330 Fed. Appx. 693, 694 (9th Cir. 2009) (citing Sherwood for proposition that "a federal habeas petition is premature when the petitioner's direct appeal is pending in state court" and also holding that granting habeas relief before the petitioner proceeded with his direct appeal would violate the dictates of Younger).

    For the foregoing reasons, IT IS HEREBY ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 21, 2013

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge